## Case No. 16,084.

### UNITED STATES v. PRESCOTT.

[2 Abb. U. S. 169; [1] 2 Biss. 325; 9 Am. Law Reg. (N. S.) 481; 4 N. B. R. 112 (Quarto, 29); 18 Pittsb. Leg. J. 21.]

District Court, D. Wisconsin. June Term, 1870.

#### BANKRUPTCY—INDICTMENTS.

1. In an indictment under section 44 of the bankrupt act of 1867 [14 Stat. 539], it is not sufficient, either as to the proceedings or the jurisdiction of the court in bankruptcy, to rely merely upon a general averment. All matters necessary to constitute the offense as defined by the act must be pleaded.

[Cited in U. S. v. Penn, Case No. 16,025; U. S. v. Myers, Id. 15,848.]

[1][Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

2. The description of the goods, in an indictment under the act, should be as definite as in a declaration in trover.

3. The word "feloniously" should be omitted in indictments under the act. The offenses made indictable are misdemeanors.

4. In drawing indictments, figures should not be used for dates.

5. Drawing indictments under the bankrupt act of 1867,—explained.

[Cited in Globe Ins. Co. v. Cleveland Ins. Co., Case No. 5,486; U. S. v. Myers, Id. 15,848.]

Motion to quash an indictment.

The defendant was indicted under section 44 of the bankrupt act, for fraudulently obtaining goods on credit; and now moved to quash the indictment upon grounds which appear in the opinion.

James G. Jenkins, for the motion.

G. W. Hazleton, Dist. Atty., opposed.

MILLER, District Judge. The first count of the indictment charges that on a certain day mentioned. in the district court of the United States for the district of Wisconsin, under and pursuant to an act of congress, entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867, proceedings in bankruptcy were duly commenced against Alphonso Prescott, Leander F. Snyder, and R. H. Lovell (whose full Christian name is to the said grand inquest unknown), as insolvent debtors, and partners under the name of Prescott, Snyder & Lovell, who thereupon afterwards, to wit, on a certain day mentioned, were adjudged bankrupts; that prior to the dates last aforesaid, and within three months before the commencement of said proceedings in bankruptcy, to wit, on August 16, 1869, within the jurisdiction of this court, and at and in the district of Wisconsin, the said Alphonso Prescott, Leander F. Snyder, and R. H. Lovell, then and there representing themselves to be associated together as copartners, under the firm of Prescott, Snyder & Lovell, and holding themselves out as wholesale merchants, and jobbers of boots and shoes, under the false color and pretense of carrying on business and dealing in the ordinary course of trade of wholesale boot and shoe merchants and jobbers, did then and there wrongfully, unlawfully, and feloniously obtain on credit, from one Lyman Dike. certain goods and chattels, to wit, a large quantity of boots and shoes, of the value of five thousand dollars, with the intent then and there, by the obtaining of said goods and chattels, to defraud the said Lyman Dike, contrary to the statute of the United States in such case made and provided, and against the peace and dignity of the United States of America. There are other like counts of the indictment, except as to the names of persons from whom goods had been obtained by defendants.

It is alleged in the motion to quash the indictment that it is defective in not setting forth the manner in which the proceedings in bankruptcy were commenced, and also in the description of the goods, &c.

The court exercises jurisdiction in bankruptcy as limited by the act; and proceedings must be commenced and prosecuted substantially as the act directs. Neither as to the proceedings nor the jurisdiction of the court in bankruptcy, is it sufficient in an indictment under the act to rely merely upon a general averment. All matters necessary to constitute the offense must be pleaded. It is not sufficient, as in this indictment, to aver that proceedings in bankruptcy were duly commenced. It must be pleaded and proven in order to convict, that a petition in bankruptcy was presented to the district court by a certain creditor, naming him, and also the amount of the debt of such petitioning creditor, and the alleged cause of bankruptcy, and the adjudication of bankruptcy. It must appear affirmatively that the creditor had a right under the law to prosecute proceedings in bankruptcy. The amount of his debt must appear, otherwise the court would have no jurisdiction. Of the bankrupt consolidated act of 12 and 13 Vict., section 44 of the act under which the indictment in question was framed, is almost a literal copy. Several decisions of courts in England, as to requirements in the prosecution and trial of indictments under their act, were made and published before the passage by congress of our bankrupt act, and to which I refer as proper for consideration: Reg. v. Lands, 33 Eng. Law & Eq. 536; Reg. v. Ewington, 41 E. C. L. 178; Rex v. Jones, 24 E. C. L. 156. It must appear that the bankrupt obtained goods within three months of the bankruptcy, by means of a representation which he knew to be false, that he was carrying on business and dealing in the ordinary course of trade, and such representations must be actually made by him. Reg. v. Boyd, 5 Cox, Cr. Cas. 502.

The description of the goods obtained by defendants is too uncertain; instead of a large quantity of boots and shoes, a certain number of pairs of boots and also of shoes, or a certain number of packages in boxes of boots and also of shoes, should be described. This could be ascertained from the bills of sale. The description of the goods in an indictment should be as definite as in a declaration in trover.

The word "feloniously" should be omitted in indictments under the act. The offenses made indictable are misdemeanors. And in drawing indictments, figures for dates should not be used.

This being the first indictment in this court under the bankrupt act, I have prepared this opinion as a guide to the district-attorney in future. The indictment will be quashed. Order accordingly.